IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NAZAR KHALED ALSANEA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 04-327-S-LMB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

       Currently pending before the Court in this habeas corpus case are Respondent's Motion for Summary Judgment (Docket No. 57) and Motion to Dismiss Procedurally Defaulted Claims (Docket No. 58).  Having fully reviewed the record, including the state court record, the Court finds oral arguments unnecessary.  Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs, and record without oral argument.  D. Idaho L. Civ. R. 7.1(d).  Accordingly, the Court enters the following Order on Respondent's Motions.

**ORDER - 1**

# I.

## BACKGROUND

On January 2, 2001, the State charged Petitioner Nazar Alsanea ("Petitioner" or "Alsanea") with five crimes.  The Idaho Court of Appeals described the events giving rise to the charges:

> Alsanea had lived with his girlfriend and their son for approximately three years when they separated in July 2000. The girlfriend moved into her mother's home, and Alsanea moved into an apartment. . . .  In September, the girlfriend called the police twice and reported that Alsanea was stalking and harassing her.  Alsanea confronted the girlfriend several times during the next two months.  During one confrontation in November, Alsanea informed the girlfriend that he had purchased a gun and threatened to shoot her, her mother, their son, and himself.  Alsanea was arrested on November 15 for stalking.  Upon his release from jail, Alsanea continued to contact the girlfriend despite being served with a no-contact order.  On November 22, an "aware alarm" was installed at the home of the girlfriend's mother so that the police could be contacted immediately if the girlfriend was being threatened by Alsanea or was in danger.

> On the evening of December 6, Alsanea entered the girlfriend's mother's home through an unlocked back door. He handed the girlfriend two pictures of their son and stated that he no longer needed them.  Additionally, Alsanea gave the girlfriend's mother some money that he owed her. Alsanea then asked to speak with the girlfriend outside. While the two were outside talking, the girlfriend's sister activated the aware alarm and called 911 to report Alsanea's presence at the home.  Officers responded to the home and approached the front door with their weapons drawn.  Alsanea was ordered to get on the ground but failed to comply. Rather, Alsanea pulled a gun from his waistband and pointed it at the officers.  One of the officers fired his weapon, hitting

**ORDER - 2**

> Alsanea in the chest.  Upon hearing the first officer's shot, a
> second officer began firing at Alsanea.

*State v. Alsanea*, 138 Idaho 733, 736-37, 69 P.3d 153, 156-57 (Ct. App. 2003).

On June 8, 2001, a jury in the Fourth Judicial District of the State of Idaho found Petitioner guilty of two counts of aggravated assault on a law enforcement officer, use of a firearm during the commission of a crime, violation of a no contact order, and unlawful entry.  (State's Lodging A-1, pp. 57-67).  The district court sentenced Petitioner to a total of thirty-six years and six months, with a minimum period of confinement of twenty years, consisting of consecutive, determinate terms of ten years on each count of aggravated assault on a law enforcement officer, followed by a consecutive, indeterminate term of one year for violation of the no-contact order, a consecutive, indeterminate term of six months for unlawful entry, and an indeterminate fifteen-year term for use of a firearm during the commission of a crime, to run consecutive to Petitioner's sentence for the second aggravated assault charge.  (State's Lodging A-1, pp. 68,70-72); *see also State v. Alsanea*, 138 Idaho at 737, 69 P.3d at 157.

Petitioner filed a motion to correct sentence, claiming the sentence imposed for use of a firearm was illegal because it was imposed as a separate consecutive sentence rather than an enhancement.  (State's lodging B-1).  The state district court denied Petitioner's motion (State's Lodging B-1) and he appealed the denial of this motion along with his conviction and sentence, claiming the district court erred in (1) refusing to give a jury instruction requested in relation to the aggravated assault charges; (2) admitting evidence

**ORDER - 3**

of prior bad acts; (3) allowing Alsanea to testify without an interpreter; and (4) imposing an illegal and excessive sentence, (State's Lodging B-5).  The Idaho Court of Appeals affirmed Petitioner's convictions and sentences.  (State's Lodging B-8).  Petitioner filed a Petition for Review and supporting brief (State's Lodgings B-9; B-10), which the Idaho Supreme Court denied on May 16, 2003 (State's Lodgings B-11, B-12).

On January 8, 2004, Petitioner filed a petition for post-conviction relief.  (State's Lodging C-1, pp. 4-8).  The state district court denied relief and Petitioner appealed, arguing he was entitled to post-conviction relief on his claims that counsel was ineffective in failing to move for a mistrial when "witnesses for the prosecution were discussing testimony in violation of the courts [sic] direction to remain [sic] from such activity" (State's Lodging D-1) and in failing to object to evidence of prior bad acts, (State's Lodging D-2).  (*See also* State's Lodgings C-1, pp. 38-53, 64; C-2, pp. 10-14).

The Idaho Court of Appeals affirmed the denial of post-conviction relief, concluding Petitioner failed to satisfy his burden of establishing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).  (State's Lodging D-4).  Alsanea petitioned for rehearing and review from the Idaho Court of Appeals' decision (State's Lodgings D-5; D-7; D-8), both of which were denied, (State's Lodgings D-6; D-9).

While his post-conviction appeal was pending, Petitioner filed a motion to correct an illegal sentence, claiming his sentence is illegal pursuant to I.C. § 18-301, a statute

**ORDER - 4**

repealed in 1995. (State's Lodging E-1, pp.27-32). The district court denied Petitioner's motion on September 12, 2006 (State's Lodging E-1, pp.33-34), and Petitioner appealed, (State's Lodgings E-1, pp.36-40; F-8). The Idaho Court of Appeals affirmed the denial of Petitioner's motion on April 10, 2008. (State's Lodging F-11). Petitioner filed a Petition for Review (State's Lodgings F-12; F-13), which the Idaho Supreme Court denied on July 2, 2008 (State's Lodging F-14).

Petitioner initiated these federal habeas proceedings on June 23, 2004, (*see* Docket No. 3), but because some of his claims were unexhausted the case was stayed. (Docket No. 39). Petitioner filed the Amended Petition for Writ of Habeas Corpus ("Petition") at issue now, on April 30, 2008, (Docket No. 47). Petitioner brings four claims: (1) due process/equal protection relating to consecutive sentences; (2)(a) ineffective assistance of counsel for failing to move for a mistrial after the presiding judge allegedly "made inappropriate facial and hand gestures;" (2)(b) ineffective assistance of counsel for failing to "object in a timely manner to evidence of prior bad acts," and (3) illegal sentence. (Docket No. 47, pp. 2-3). Respondent has moved to dismiss Claims 1 and 2(a) as procedurally defaulted and has moved for summary judgment on Claims 2(b) and 3.

**ORDER - 5**

## II.

## LEGAL STANDARDS

### A.    Rules Governing 2254 Cases & Summary Judgment

The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure.  *See* Rule 11 of the Rules Governing Section 2254 Cases.  Under Rule 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  *Id.*  In general, summary judgment is not inconsistent with habeas practice and procedure*, see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment in a habeas case must be reviewed in light of the substantive provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").

### B.    Motion to Dismiss

When a court considers a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distribs*., 798 F.2d 1279, 1281 (9th Cir. 1986).  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.

ORDER - 6

*Id.* Accordingly, the Court will take judicial notice of those portions of the state court record lodged by Respondent.

## C.   Exhaustion and Procedural Default

A habeas petitioner must first exhaust his state court remedies before presenting a constitutional claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State court remedies have been properly exhausted when the petitioner has fairly presented the claim at each level of the state's appellate review process, giving the state courts a full opportunity to pass on and correct the alleged constitutional error. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

When the petitioner attempted to raise a federal claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and adequate to support the judgment, the claim is considered to be procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A procedural default also occurs when the petitioner did not raise the claim in state court and it is now clear that the state court would dismiss any new action on a procedural basis. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A federal court cannot hear a defaulted claim absent a showing of legal cause for the default and actual prejudice to the petitioner, or a compelling showing that the petitioner is probably innocent of the crime. *Coleman*, 501 U.S. at 722, 750.

**ORDER - 7**

D.     **Claims Proceeding to the Merits**

The AEDPA requires a federal court to defer to reasonable state court

adjudications on the merits of properly exhausted constitutional claims.  Accordingly, an

application for writ of habeas corpus shall not be granted unless the state court's

adjudication of a claim either:

1.     resulted in a decision that was contrary to, or involved an
       unreasonable application of, clearly established Federal law, as
       determined by the Supreme Court of the United States; or

2.     resulted in a decision that was based on an unreasonable
       determination of the facts in light of the evidence presented in the
       State court proceeding.

28 U.S.C. § 2254(d)(1)&(2).

For a state court decision to be "contrary to" federal law, the petitioner must

establish that the state court applied "a rule of law different from the governing law set

forth in United States Supreme Court precedent, or that the state court confronted a set of

facts that are materially indistinguishable from a decision of the Supreme Court and

nevertheless arrived at a result different from the Court's precedent."  *Williams v. Taylor*,

529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause of § 2254(d)(1), the state court

must have been "unreasonable in applying the governing legal principle to the facts of the

case."  *Id.* at 413.  A federal court cannot grant relief simply because it concludes in its

independent judgment that the state court decision is incorrect or wrong; rather, the state

**ORDER - 8**

court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Although the controlling federal law is derived from the holdings of United States Supreme Court cases, a federal court may look to lower court cases for persuasive guidance as to what is a reasonable interpretation of the law. *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

Section 2254(d)(2) is applicable to a review of a state court's factual findings. Under that subsection, the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

With these principles in mind, the Court turns to the claims at issue in this case.

## III.

## DISCUSSION

### A.    Preliminary Matters

Petitioner has not responded to the Motion for Summary Judgment or the Motion to Dismiss in the seven months since Respondent filed the motions. Instead of filing response briefs, Petitioner filed a third motion seeking appointment of counsel (Docket No. 60), without a corresponding request for an extension of the response brief deadlines. The Court denied Petitioner's request for counsel for the same reasons Petitioner's first two motions for counsel were denied. However, the Court *sua sponte* provided Petitioner additional time to file response briefs. (Docket No. 62).

**ORDER - 9**

The Court's mailing to Petitioner of the Order denying counsel and providing additional time for briefing was properly addressed according to the information on file for Petitioner, but the letter was returned as undeliverable. (Docket No. 63). Petitioner was on notice that he must "[a]dvise the Court of any change of address." (Docket No. 4, p. 1). Although Petitioner did not file a notice stating his new address, his most recent motion listed his address as NFCF JA 117, 1605 E. Main St., Sayre, OK, 73662, an address different from his address of record. A copy of the Court's Order *sua sponte* granting additional time for the response briefs was not sent to the Oklahoma address.

However, Petitioner's briefs in response to Respondent's motions were due in September 2008 and are six months overdue. Additionally, Petitioner had notice of the motions and the response requirement (*see* Docket No. 59) and did not timely file response briefs or a request to extend the response deadlines. Moreover, the Court denied Petitioner's second request for counsel and set a briefing schedule for Respondent's summary judgment motion just two weeks before Respondent filed the pending motions. Accordingly, Petitioner was on notice that he would need to respond, and respond without the assistance of counsel, to any summary judgment motion filed by Respondent. For these reasons, the Court will not delay longer its consideration of Respondent's motions but, where appropriate, will allow Petitioner to respond to the Court's Order.

**ORDER - 10**

**B.      Claim One (1)- consecutive sentence issue**

Claim One asserts that Petitioner's due process rights, equal protection rights, and his right to be free from double jeopardy have been violated because he received two consecutive sentences for what he alleges are one single act. Petition, p. 2 (Docket No. 47). In his appeal to the Idaho appellate court from the state district court's denial of his Motion for Rule 35 Illegal Sentence, Petitioner filed a pro se brief referencing "double punishment" and the U.S. Constitution. (State's Lodging F-3, pp. 7-8). However, the appellate brief submitted by the State Appellate Public Defender, appointed counsel, challenged the consecutive sentences only on state law grounds. (State's Lodging F-8, pp. 6-7). The arguments considered by the Idaho Court of Appeals were limited to those raised in the State Appellate Public Defender's brief on appeal—the state statutory law claims. (State's Lodging, F-11). Additionally, the Petition for Review to the Idaho Supreme Court contained only the state law claims, without reference to any federal constitutional right or case. (State's Lodgings, F-13, F-14).

Thus, Petitioner did not fairly present his consecutive sentence claim as a federal constitutional claim to Idaho's highest appellate court for review. *See Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). For this reason, and because the time for Petitioner to present his challenge as a federal claim to the Idaho appellate court has expired, his claim is procedurally defaulted. This Court cannot consider a defaulted claim absent a showing of legal cause for the

**ORDER - 11**

default and actual prejudice to the petitioner, or a compelling showing that the Petitioner is probably innocent of the crime. *Coleman*, 501 U.S. at 722, 750. If Petitioner can demonstrate either cause and prejudice or actual innocence sufficient to allow the Court to consider Claim One (1), he may submit a brief and supporting documentation on or before April 18, 2009.[1]

## C.    Claims (2)(a) & (b) - ineffective assistance of counsel

Claim 2(a) alleges that Petitioner's trial counsel was ineffective for failing to move for a mistrial after the presiding judge allegedly "made inappropriate facial and hand gestures." (Docket No. 47). In his post-conviction appeal, Petitioner raised only two ineffective assistance of counsel claims: (1) failure to object to evidence of prior bad acts and (2) failure to move for mistrial because prosecution witnesses allegedly were discussing their testimony in violation of a court order.[2] (State's Lodgings D-1, D-2, D-

---

[1]    To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *See Murray*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

[2]    Petitioner did raise in the district court post-conviction proceedings the issue of the trial court's gestures and his counsel's alleged ineffective for failing to move for a mistrial on this

**ORDER - 12**

8).  Because the ineffective assistance claim related to the trial court's gestures was not fairly presented to Idaho's appellate courts and the time to do so has expired, Claim 2(a) is procedurally defaulted and will be dismissed absent a showing by Petitioner of cause and prejudice or a miscarriage of justice within the time period set forth in the Order section, *infra*.

Petitioner's second claim for ineffective assistance of counsel, Claim 2(b), is based on his allegation that his trial counsel failed to "object in a timely manner to evidence of prior bad acts."  Petition, p. 2 (Docket No. 47).  The Idaho Court of Appeals set forth the facts relating to this claim:

> Prior to trial, the state gave notice of its intent to use evidence that Alsanea had stalked his girlfriend and that he had previously threatened to kill her.  At a pre-trial hearing on the state's motion, defense counsel stipulated that a no-contact order was in effect at the time of the offenses, that there had been prior contacts by Alsanea with the girlfriend requiring installation of an alarm that would immediately contact the police, and that the alarm was in place at the time of the offense.  The district court ruled that the officers' actual knowledge of Alsanea's propensity for violence, as demonstrated by the stalking and harassment of his girlfriend, was relevant to a key element of aggravated assault–whether the officers had a well-founded fear that violence was imminent–and that, therefore the evidence was admissible. . . .  At trial, however, the state did not establish that the officers involved in the aggravated assaults had personal knowledge of some of the prior bad acts testified to.  The testimony regarding those prior bad acts therefore fell outside the scope

basis, (*see* State's Lodging D-2, p. 1; C-1, p. 6), but neither his pro se "Brief of Appellant" (State's Lodging D-1) nor the Appellant's Supplemental Brief filed by the State Appellate Public Defender (State's Lodging D-2) raised this claim on appeal.

**ORDER - 13**

> of the district court's pre-trial ruling on the admissibility of
> prior bad acts evidence.  Alsanea's trial counsel did not object
> to the testimony at trial.  On appeal, this Court expressly
> declined to address the admissibility of the prior bad acts
> evidence not preserved for appeal–including the evidence
> encompassed by Alsanea's stipulation and any evidence that
> went beyond the scope of the district court's pre-trial ruling
> because it involved prior bad acts of which the officers were
> unaware.

(State's Lodging D-4, pp. 6-7).

A criminal defendant has a constitutional right to the effective assistance of

counsel under the Sixth Amendment, a right that has been made applicable to the states

by the Due Process Clause of the Fourteenth Amendment.  *Gideon v. Wainwright*, 372

U.S. 335 (1963).  To prove a violation of the Sixth Amendment, the petitioner must show

both that his counsel's performance was unreasonably deficient and that the defense was

prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

The standard for attorney performance in a criminal case is that of reasonably

effective assistance, measured under prevailing professional norms.  *Strickland*, 668 U.S.

at 687-88.  In assessing whether the representation fell below an objective standard of

reasonableness, the court must indulge in the strong presumption that counsel's conduct

fell within the wide range of reasonable professional assistance.  *Id.*  To prove prejudice,

the petitioner must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.

**ORDER - 14**

The Court of Appeals considered the standards set forth in *Strickland*, and
concluded that "[t]rial counsel very likely provided deficient performance by failing to
object to evidence of prior bad acts of which the officers were unaware, particularly since
the trial court had ruled such evidence inadmissible prior to trial."  (State's Lodging, p.8).
The Court of Appeals concluded that, even assuming Petitioner had raised a genuine issue
of fact as to counsel's deficient performance, he "cannot demonstrate resulting prejudice"
because "there was substantial other evidence supporting the verdicts of guilt, and the
jury apparently found the state's version of the facts more credible than [Petitioner's]
explanation that he merely attempted to pull his gun from his waistband to give it to
officers."  (State's Lodging, pp. 8-9).

In reaching this conclusion, the Court of Appeals considered its earlier ruling on
Petitioner's direct appeal:

> At trial, several witnesses testified that they observed Alsanea
> pull a gun from his waistband and aim it at the officers.
> Those witnesses further testified that they believed Alsanea
> fired his gun at the officers, although a defense witness
> refuted that testimony by stating that he conducted testing on
> Alsanea's gun and discovered that it had not been fired.
> Alsanea testified that he did not aim the gun at the officers
> but, rather, unsuccessfully attempted to pull his gun from his
> waistband to give it to them.  The resolution of the conflict in
> the evidence rested upon whose story the jury found more
> credible.  Based upon the verdicts, the jury apparently
> believed the state's version.  There was substantial evidence,
> aside from the irrelevant prior bad acts evidence, supporting
> the jury's verdicts of guilt.  We conclude *beyond a reasonable
> doubt* that the complained-of-testimony did not contribute to

**ORDER - 15**

the jury's verdicts and that the error in admitting the
testimony was, therefore, harmless.

(State's Lodging D-4, p. 9) (quoting *State v. Alsanea*, 138 Idaho 733, 740-41, 69 P.3d

153, 160-61 (Ct. App. 2003)).

Petitioner cannot show that the Idaho Court of Appeal's adjudication of his Sixth

Amendment claim, affirmed on review by the Idaho Supreme Court, is "contrary to or an

unreasonable application of clearly established federal law as determined by the United

States Supreme Court," or that it is based on "an unreasonable application of facts in light

of the evidence presented in state court." 28 U.S.C. § 2254(d). The state court's

application of federal law must be "objectively unreasonable." *Lockyer v. Andrade*, 538

U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Here, the Court considered all

of the facts, applied both prongs of the *Strickland* test, and determined that Petitioner was

not prejudiced by his counsel's actions. *See, e.g., Musladin v. Lamarque*, 555 F.3d 830,

847 (9th Cir. 2009) (explaining that "[d]eference does not, of course, mean blind

acceptance, but it means enough to compel us to accept the state court's conclusion where

the answer is as unclear as it is here"); *Lopez v. Schriro*, 491 F.3d 1029, 1044 (9th Cir.

2007) (concluding the state court was not objectively unreasonable in determining that

there was no reasonable probability of a different guilt phase outcome based on the

record). Accordingly, Respondent is granted summary judgment on Claim 2(b).

**D.     Claim Three (3) - illegal sentence**

**ORDER - 16**

Petitioner lists Claim Three (3) as "Illegal Sentence" without providing any factual support or legal argument.  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995).  Accordingly, if Petitioner does not respond with factual and legal detail supporting this claim within the time set forth in the Order section *infra*, summary judgment will be granted in favor of Respondent on this claim.

## IV.

## ORDER

**IT IS THEREFORE HEREBY ORDERED** that

1.      Respondent's Motion for Summary Judgment (Docket No. 57) is GRANTED, in part.  Respondent is granted summary judgment on Claim 2(b).

2.      Summary judgment on Claim 3 is conditionally granted.  If Petitioner does not file a brief by **April 18, 2009** providing sufficient factual detail and legal argument to support his claim of "illegal sentence," summary judgment will be entered in favor of Respondent without further notice.

3.      Respondent's Motion to Dismiss (Docket No. 58) is conditionally granted on Claims 1 and 2(a).  If Petitioner cannot demonstrate either cause and prejudice or actual innocence sufficient to allow the Court to consider Claims 1 and 2(a), these claims will be

dismissed without further notice.  Petitioner's brief and supporting documentation must be filed on or before **April 18, 2009.**

4.      Respondent's optional brief in response to any brief filed by Petitioner shall be filed no later than **May 2, 2009**.  No reply brief will be allowed.

5.      The Clerk of the Court shall mail a copy of this Order and the Order at Docket No. 62 to Petitioner at NFCF JA 117, 1605 E. Main St., Sayre, OK, 73662, and shall change Petitioner's address of record on CM/ECF to that same address.

6.      If Petitioner relocates again and his address changes he shall file with the Court a notice stating his new address.  Said notice must be filed no later than ten (10) days after Petitioner's address changes.

DATED:  **March 23, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

**ORDER - 18**